IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-196-FL-1
NO. 5:16-CV-142-FL

| | |
|---|---|
| DWIGHT SHERROD TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on the following motions by petitioner: 1) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 131); 2) objecting to stay of the § 2255 proceedings (DE 210); 3) for reduction of sentence pursuant to the First Step Act of 2018 (DE 215); 4) to remove counsel (DE 234); 5) for home confinement (DE 241); 6) to amend motion to vacate (DE 242); and 7) for compassionate release (DE 254). The matter also is before the court on respondent's motion to dismiss petitioner's § 2255 claims (DE 135), which was briefed fully. For the reasons that follow, the court grants respondent's motion to dismiss and petitioner's motion to amend the § 2255 motion, denies petitioner's motions to vacate, objecting to stay, to remove counsel, for reduction of sentence under the First Step Act, and for compassionate release, and dismisses without prejudice petitioner's motion for home confinement.

## BACKGROUND

On September 8, 2010, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one), and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting same,

in violation of 18 U.S.C. §§ 924(c) and 2 (count three). On March 22, 2011, the court sentenced petitioner to 113 months' imprisonment on count one and a consecutive term of 84 months' imprisonment on count three, producing an aggregate custodial sentence of 197 months.

On April 1, 2016, petitioner filed the instant motion to vacate, set aside, or correct sentence, which challenges petitioner's § 924(c) conviction and his career offender designation in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). Respondent filed the instant motion to dismiss on May 16, 2016, arguing petitioner's motion to vacate should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 1, 2017, the court entered order staying the instant § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 18, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On December 11, 2019, petitioner, proceeding pro se, filed the instant motion objecting to the stay. On January 2, 2020, petitioner filed the instant motion for reduction of sentence pursuant to the First Step Act. Respondent did not respond to the foregoing motions.

On January 15, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Petitioner, through counsel, filed supplemental

2

brief on February 24, 2020, conceding that he is not entitled to § 2255 relief. On February 20, 2020, petitioner filed the instant motion to remove counsel. On May 18, 2020, petitioner filed the instant pro se motion for compassionate release, which in substance requests an order directing the Federal Bureau of Prisons ("FBOP") to place him on home confinement. On June 1, 2020, petitioner filed the instant pro se motion to amend his § 2255 motion, asserting challenges to his career offender designation. Finally, on September 17, 2020, petitioner filed the instant pro se motion for compassionate release, raising concerns about his risk of contracting the communicable disease known as COVID-19. Respondent did not respond to the foregoing motions.

## DISCUSSION

A. Motions Objecting to Stay and to Remove Counsel

Petitioner's motion objecting to stay is denied as moot where the court previously lifted the stay and directed the parties to file supplementary briefing on his motion to vacate. As to the motion to remove counsel, the court denies the motion as unnecessary. Petitioner's counsel's representation ended when she determined petitioner is not eligible for § 2255 relief under <u>Johnson</u> and its progeny. <u>See</u> Standing Order 15-SO-2. To the extent petitioner is requesting appointment of new counsel, the court denies the motion where, for the reasons set forth below, petitioner has not established a cognizable claim for post-conviction relief under § 2255 or the First Step Act.

B. Motions for Compassionate Release and Home Confinement

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the

3

First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239.

The court may reduce petitioner's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Sentencing Commission promulgated U.S.S.G. § 1B1.13 as the policy statement applicable to compassionate release motions filed by the FBOP. Section 1B1.13 is substantially similar to § 3582(c)(1)(A), but adds that before granting compassionate release the court must determine "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(1)(B)(2).

Petitioner's instant motion does not establish grounds for compassionate release under U.S.S.G. § 1B1.13, or otherwise demonstrate that extraordinary and compelling reasons justify release. As an initial matter, petitioner fails to establish that he has any underlying medical conditions that places him at risk of severe complications if he contracts COVID-19. Furthermore, there are no active inmate infections at petitioner's correctional institution. See Fed. Bureau of Prisons, COVID-19 Coronavirus (Oct. 23, 2020), www.bop.gov/coronavirus. "[T]he

---

[1] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to petitioner.

mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The court also finds that the factors under 18 U.S.C. § 3553(a) do not support a sentence reduction in light of petitioner's violent offense conduct and extensive criminal history.[2] Accordingly, petitioner's motion for compassionate release is denied.

Petitioner also moves for an order directing the FBOP to transfer him to home confinement under the CARES Act. In relevant part, the CARES Act provides that "if the Attorney General finds that emergency conditions will materially affect the functioning of the [FBOP], the Director of the [FBOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)] as the Director determines appropriate." CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516. This provision does not authorize the court to order petitioner's placement in home confinement. Such placement decisions are solely within the discretion of the FBOP, and the court therefore lacks jurisdiction to grant such relief. See 18 U.S.C. §§ 3621(b), 3624(c); United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018). Accordingly, the court dismisses without prejudice petitioner's motion for home confinement.

C.      First Step Act Motion

Petitioner also seeks a sentence reduction pursuant to § 404 of the First Step Act of 2018. Section 404 of the First Step Act made retroactive changes to the statutory penalties for cocaine

---

[2] Defendant notes that he has taken numerous educational and vocational courses while incarcerated. While the court commends defendant for his record of achievement in custody, his post-sentencing conduct does not justify release in these circumstances.

5

base offenses.  See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Wirsing, 943 F.3d 175, 180 (4th Cir. 2019).  Where petitioner was not convicted of an offense involving distribution of cocaine base, he is ineligible for a sentence reduction under § 404.  See United States v. Gravatt, 953 F.3d 258, 263-64 (4th Cir. 2020) (explaining prior conviction for distributing powder cocaine is "plainly not a covered offense" under § 404(c) of the First Step Act). Accordingly, petitioner's First Step Act motion is denied.

D. Section 2255 Motion and Motion to Amend

    1. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Id. § 2255(b).

    2. Analysis

The court begins with petitioner's motion to amend his § 2255 motion.  Hearing no objection from respondent, the court grants the motion.  See Fed. R. Civ. P. 15(a)(2). Accordingly, the court will address below the habeas claims presented in the original motion and the motion to amend.

Pursuant to 18 U.S.C. § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum

punishment of five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(ii). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is Hobbs Act robbery[3] in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the

---

[3] The superseding indictment charged petitioner with possessing a firearm in furtherance of substantive Hobbs Act robbery as charged in count two, which was dismissed at sentencing. (DE 33). Petitioner's § 924(c) conviction, however, does not require conviction on the predicate crime of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Furthermore, although count two alleged defendant committed both substantive and attempted Hobbs Act robbery, the § 924(c) conviction was based solely on substantive Hobbs Act robbery. (See Superseding Indictment (DE 33) at 3; Plea Agreement (DE 52) ¶ 3).

7

force clause of Section 924(c)"). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms. As to petitioner's challenge to his advisory career offender enhancement, the claim is not cognizable in a habeas corpus proceeding. See United States v. Foote, 784 F.3d 931, 932, 942 (4th Cir. 2015); see also Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding advisory sentencing Guidelines are not subject to void-for-vagueness challenge based on Johnson and its progeny). For this same reason, petitioner's claim in the motion to amend that his career offender designation should be vacated under United States v. Eason, 953 F.3d 1184 (11th Cir. 2020) is without merit. Eason involved a direct appeal challenging the defendant's career offender designation. Here, petitioner is attempting to challenge his advisory career offender designation under § 2255. As explained above, such a claim is not cognizable in this § 2255 proceeding. Foote, 784 F.3d at 932, 942; see also Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

E.  Certificate of Appealability

Having determined that petitioner is not entitled to relief on his § 2255 claims, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court rules as follows:

1) Petitioner's motion to amend (DE 242) the § 2255 motion to vacate is GRANTED;

2) Petitioner's motion to vacate (DE 131), as amended, is DENIED, and a certificate of appealability as to same also is DENIED;

3) Respondent's motion to dismiss (DE 135) is GRANTED;

4) Petitioner's motions objecting to stay (DE 210), for reduction of sentence pursuant to the First Step Act (DE 215), to remove counsel (DE 234), and for compassionate release (DE 254) are DENIED;

5) Petitioner's motion for home confinement (DE 241) is DISMISSED WITHOUT PREJUDICE; and

6) The clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 27th day of October, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge