IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-196-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DWIGHT SHERROD TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's renewed motion for compassionate release (DE 337) and for consideration of Concepcion v. United States, 142 S. Ct. 2389 (2022) (DE 342).

The renewed motion for compassionate release is denied substantially for the reasons stated in the court's June 28, 2021, order (DE 325). In that order, the court explained that even assuming defendant could not be designated a career offender under current law and that this circumstance established extraordinary and compelling reasons for release, the factors under 18 U.S.C. § 3553(a) do not support a sentence reduction in this case. June 28, 2021, order (DE 325), aff'd 2021 WL 5445823 (4th Cir. Nov. 22, 2021).

The instant motion asserts the same basis for finding extraordinary and compelling reasons for release, and thus the court again will assume without deciding that defendant has satisfied the standard. As to the § 3553(a) factors, the court has considered fully defendant's new arguments regarding his release plan, institutional conduct, and the fact that he was 21 years old at the time of the offense. The foregoing circumstances, however, do not change the court's analysis of the § 3553(a) as set forth in the June 28, 2021, order (DE 325). As explained therein, defendant's offense conduct, criminal history, and post-sentencing conduct do not support compassionate

release when analyzed under the pertinent § 3553(a) factors.[1]  (See DE 325 at 4–5); see also United States v. Kibble, 992 F.3d 326, 330–32 (4th Cir. 2021) (holding district court may deny motion for compassionate release if the § 3553(a) factors do not support a sentence reduction even if defendant establishes extraordinary and compelling reasons for release).

Turning to the motion for consideration of Concepcion v. United States, that case does not compel a different result or otherwise change the court's analysis of the § 3553(a) factors.  See 142 S. Ct. 2389 (2022).

Based on the foregoing, defendant's renewed motion for compassionate release (DE 337) is DENIED.  Defendant's motion for consideration of Concepcion (DE 342) is GRANTED.

SO ORDERED, this the 3rd day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] The court, however, commends defendant for his recent efforts at rehabilitation, which are consistent with the court's expectations at the time of sentencing.